UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST JOSEPH DAVIS,

                    Plaintiff,                       Case Number: 11-CV-13818

v.                                             HON. MARK A. GOLDSMITH

MIKE COX, ET AL.,

                    Defendants.

_____/

## OPINION AND ORDER DENYING PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITHOUT PREJUDICE

Michigan state prisoner Ernest Joseph Davis has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Davis has requested that he be permitted to proceed *in forma pauperis* in this case. *See* 28 U.S.C. § 1915(a)(1). For the reasons stated below, the Court will deny Davis leave to proceed *in forma pauperis* and will dismiss the complaint pursuant to 28 U.S.C. § 1915(g).

The complaint alleges that defendants, while acting under color of state law, interfered with Plaintiff's property rights and with his right of access to the courts by confiscating his legal materials. Plaintiff seeks money damages and declaratory relief.

Indigent prisoners may seek to bring a civil action without prepayment of the fees and costs for the action. 28 U.S.C. § 1915(a)(2). A prisoner, however, may be barred from proceeding *in forma pauperis* in a civil action under certain circumstances:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil

action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In short, this "three strikes" provision allows the Court to dismiss a case where the prisoner seeks to proceed *in forma pauperis* if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g); *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

Plaintiff has filed more than three prior civil rights complaints which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Davis v. Caruso,* No. 10-12178 (E.D. Mich. Sept. 23, 2010); *Davis v. United States,* No. 10-12021 (E.D. Mich. July 19, 2010); *Davis v. Doe*, No. 96-72493 (E.D. Mich. Oct. 29, 1998).

A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To establish that his complaint falls within the exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks

to file his complaint and proceed *in forma pauperis*. *Vandiver v. Vasbinder*, No. 08-2602, 2011 WL 1105652, at *2 (6th Cir. Mar. 28, 2011). *See also Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002) (holding that imminent danger exception requires that the danger exist at time complaint is filed); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury). Davis's allegations of interference with his property rights and his right of access to the courts do not fall within the "imminent danger" exception of § 1915(g).

Accordingly, the Court denies Plaintiff's application for leave to proceed *in forma pauperis*. Additionally, the Court dismisses the complaint pursuant to 28 U.S.C. § 1915(g). The dismissal is without prejudice to Plaintiff filing a new complaint with payment of the filing fee.

SO ORDERED.

Dated: November 10, 2011                   s/Mark A. Goldsmith
     Flint, Michigan                        MARK A. GOLDSMITH
                                        United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

       The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 10, 2011.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager
